**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

EARL T. MURRAY,

Petitioner,

v.

CIVIL ACTION NO. 5:25-cv-00726

WARDEN FCI BECKLEY,

Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending are Petitioner Earl T. Murray's *pro se* Objections [ECF 18] to the Proposed Findings and Recommendations ("PF&R") entered by the Honorable Dwane L. Tinsley, United States Magistrate Judge, on June 25, 2026. [ECF 15].

**I.**

This action was previously referred to Magistrate Judge Tinsley for submission of a PF&R. Magistrate Judge Tinsley filed his PF&R [ECF 15] on June 25, 2026, in which he addressed Mr. Murray's (1) Motion to Waive Requirement to Exhaust Administrative Remedies, and (2) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking an award of federal earned time credits ("FTCs") under the First Step Act ("FSA"), and alleging the Bureau of Prisons ("BOP") is misinterpreting how FTCs are applied under the FSA to inmates with a medium or high risk of recidivism classification. [*Id.*]. Magistrate Judge Tinsley recommended the Court deny Mr. Murray's Motion to Waive Requirement to Exhaust Administrative Remedies and his § 2241

Petition and remove this matter from the docket. [*Id*. at 16]. Mr. Murray timely objected to the PF&R on July 20, 2026. [ECF 18].

**II.**

Under *Federal Rule of Civil Procedure* 72(b), "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). A district judge is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In particular, "a general objection… is insufficient to avoid waiver." *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (explaining "other circuits have held that the failure to raise an objection sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute waives any appellate review") (internal quotations omitted); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988).

A court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982). When assessing *pro se* objections, a court must "liberally construe [the] objections while maintaining constitutional limitations on a magistrate's authority." *Elijah v. Dunbar,* 66 F.4th 454, 461 (4th Cir. 2023).

**III.**

Mr. Murray first objects to the Magistrate Judge's conclusion that waiver of the administrative exhaustion requirement is unwarranted. Mr. Murray appears to reiterate his original contention that exhaustion would be futile inasmuch as his claim turns on the statutory

interpretation of the FSA's time credit requirements. Specifically, he maintains inasmuch as "his interpretation of the FSA is correct, denial of mandatory credits toward prerelease custody or supervised release would continue to unlawfully incarcerate him beyond what statutory authority allows, justifying the exhaustion waiver." [ECF 18 at 3].

The Court need not wade into the exhaustion dispute given that the Magistrate Judge's recommendation for dismissal was not solely premised on Mr. Murray's failure to exhaust. Rather, Magistrate Judge Tinsley also addressed the merits of Mr. Murray's claim in detail and correctly concluded, irrespective of exhaustion, Mr. Murray failed to demonstrate his eligibility for application of his FTCs given his medium recidivism risk level classification.[1] [ECF 15 at 9-13]. Simply put, even assuming the nature of Mr. Murray's claim warrants waiver of the exhaustion requirement, his claim yet fails on the merits for those reasons set forth in detail in the PF&R. [*See id.*].

Indeed, as thoroughly explained by Magistrate Judge Tinsley, the FSA makes clear only inmates with a minimum or low risk of recidivism classification may have their FTCs automatically applied toward their early transfer to pre-release custody or supervised release. [*Id.* at 11-12 (collecting cases); *see also* 18 U.S.C. § 3624(g)(1)(B) and (D)(i)(I); 28 C.F.R. § 523.44]. Though eligible inmates with a medium or high-risk recidivism score, like Mr. Murray, may still *earn* FTCs, they are not entitled to an *automatic application* of those credits. [*Id.*]. Instead, the FSA provides inmates "with a medium or high risk of recidivism score may apply to the Warden

[1] An individual's recidivism risk is assessed through the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"). PATTERN scores are "used to calculate each inmate's recidivism risk score based on considerations such as age, severity of [the] current offense, history of violence, and other factors . . . After calculation of the recidivism score, the inmate is classified as a minimum, low, medium, or high recidivism risk." [ECF 15 at 2 n.1].

for individual approval for application of [their earned] FTC[s].” [*Id*. at 12 (collecting cases and citing 18 U.S.C. § 3624(g)(1)(D)(i)(II))]. Magistrate Judge Tinsley thus correctly concluded because Mr. Murray, who concedes his medium risk classification, failed to demonstrate “he petitioned the Warden at FCI Beckley for individual consideration for application of his FTC[s] and [was] granted such relief[,]” he failed to demonstrate entitlement to application of his time credits. [*Id*. at 12, 13]. The objection is thus meritless.

Mr. Murray next objects to the Magistrate Judge’s conclusion that his challenge to the BOP’s application of his “mandatory time credits” under the FSA is not subject to judicial review.[2] [ECF 18 at 1-2]. In support, Mr. Murray relies on several district court cases concluding the BOP’s failure to apply an *eligible* inmate’s earned time credits is subject to judicial review inasmuch as such failure is in direct contravention of § 3632(d)(4)(C)’s mandatory language.[3] *See*, *e.g., Komando v. Luna*, No. 22-CV-425-SE, 2023 WL 310580, at *4 (D.N.H. Jan. 13, 2023) (recognizing § 3632(d)(4)(C)’s “mandatory term, ‘shall,’ places a duty on the BOP to apply credits and to transfer eligible prisoners either to supervised release custody or to prerelease custody, with

---

[2] Magistrate Judge Tinsley also concluded Mr. Murray’s challenge to his PATTERN score calculation was not subject to judicial review. Though Mr. Murray does not appear to object to this conclusion, the Court nevertheless finds no error with respect to that determination. *See Workman v. FCI Beckley*, No. 5:24-CV-00556, 2026 WL 234511, at *6 (S.D.W. Va. Jan. 5, 2026) (recognizing “18 U.S.C. § 3625 prohibits judicial review of a prisoner's PATTERN score or recidivism risk level. This statute excludes from judicial review ‘any determination, decision, or order’ made under Chapter 229, subchapter C—§§ 3621–3626. This subchapter includes the implementation of the risk and needs assessment system, 18 U.S.C. § 3621(h), and the BOP's eligibility determinations with respect to the application of FSA time credits.”), *report and recommendation adopted*, No. 5:24-CV-00556, 2026 WL 232063 (S.D.W. Va. Jan. 28, 2026).

[3] Title 18 U.S.C. § 3632(d)(4)(C) provides “[t]ime credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities *shall* be applied toward time in prerelease custody or supervised release. The Director of the [BOP] *shall* transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.” (Emphasis added).

eligibility determined under 18 U.S.C. § 3624(g).”); *Ramirez v. Phillips*, No. 2:23-cv-02911-KJM-JDP, 2023 WL 8878993, at *4 (E.D. Cal. Dec. 22, 2023) (concluding “the BOP does not have the discretion to exclude an eligible prisoner from having his earned time credits applied under the FSA, because the FSA language in 18 U.S.C. § 3632(d)(4)(C) is mandatory.”); *Popoola v. Scales*, No. 3:25-cv-390 (DJN), 2025 WL 3473370, at *9 (E.D. Va. Dec. 3, 2025) (concluding “the FSA imposes a mandatory obligation upon the BOP to award and administer FSA credits, and that administration of the FSA does not constitute a BOP decision involving the ‘designation of imprisonment,’ placing challenges to BOP decisions regarding prerelease custody or early supervised release under the FSA beyond § 3621(b)’s judicial bar.”). Mr. Murray’s objection, however, is misplaced.

While Mr. Murray is correct that the BOP’s refusal to apply time credits to an eligible inmate’s sentence is reviewable by a district court, he has failed to demonstrate his eligibility for application of such credits under § 3624(g), rendering his claim unfit for review. The Magistrate Judge thus correctly concluded because Mr. Murray failed to demonstrate his earned time credits were being withheld in direct contravention of the FSA, he was not entitled to the relief sought. [*See* ECF 15 at 16 (collecting cases and concluding because Mr. Murray had failed to show his earned time credits were being withheld in a way that was contrary to federal law, violative of the Constitution, or in exceedance of the BOP’s statutory authority, “the court cannot grant [him] the relief he seeks.”)].

At bottom, inasmuch as Mr. Murray possesses a medium recidivism risk level classification and has failed to demonstrate he has had a petition to apply time credits approved by the Warden in accordance with § 3624(g)(1)(D)(i)(II), Magistrate Judge Tinsley correctly concluded he is ineligible for application of his time credits under the FSA. There is thus no

actionable error present. The Court has also considered the remainder of Mr. Murray's objections and finds they are equally without merit.

## IV.

Based on the foregoing discussion, the Court **OVERRULES** Mr. Murray's objections [**ECF 18**], **ADOPTS** the PF&R [**ECF 15**], **DENIES** Mr. Murray's § 2241 Petition for a Writ of Habeas Corpus [**ECF 1**] and Motion to Waive Requirement to Exhaust [**ECF 4**], and **REMOVES** this matter from the docket.[4]

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: September 28, 2026

Frank W. Volk
Chief United States District Judge

[4] Considering these rulings, Mr. Murray's Motion to Maintain Action [**ECF 19**], filed September 22, 2026, is **DENIED AS MOOT**.